**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| **ARMANDO HERNANDEZ,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )  **Case No. 3:24-cv-0097-ECM-CWB** |
| | ) |
| **LEE COUNTY DETENTION CENTER,** | ) |
| | ) |
| **Defendant.** | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate confined at the Lee County Detention Center, initiated this action pursuant to 42 U.S.C. § 1983.  (*See* Docs. 1 & 2).  By Order entered February 21, 2024, Plaintiff was informed that he must submit either the $405.00 in required fees or a properly completed application for leave to proceed *in forma pauperis*.  (Doc. 3).  And Plaintiff was "cautioned that his failure to comply with this Order may result in a recommendation that the case be dismissed in its entirety."  (*Id*.).  (bold and underlining removed).

Despite the court's instructions and admonition, Plaintiff failed to take any action by the imposed deadline of March 6, 2024.  The Magistrate Judge finds that Plaintiff's failure to comply or otherwise respond constitutes a clear record of delay and/or willful contempt; and the Magistrate Judge further finds that any lesser sanction than dismissal would not be appropriate under the circumstances, *i.e.,* where Plaintiff has failed to take action notwithstanding the court's warning about a potential dismissal.  *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (acknowledging that the authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Mingo v. Sugar Cane Growers Co-Op of Fla.*,

1

864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket" and that "sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice"); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that dismissal for failure to obey an order generally is not an abuse of discretion where the litigant has been forewarned).  Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that this case be dismissed without prejudice.

It is **ORDERED** that any objections to this Recommendation must be filed no later than **March 29, 2024**.  An objecting party must identify the specific portion(s) of any factual findings or legal conclusions to which the objection is made and must describe in detail the basis for each objection.  Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice.  *See* 11th Cir. R. 3-1; *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

**DONE** this the 15th day of March 2024.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**